(16 Misc. Rep. 65.)

### REILLY v. SICILIAN ASPHALT PAVING CO.

(Supreme Court, Appellate Term, First Department.    February 26, 1896.)

NEGLIGENCE—OBSTRUCTION OF STREET.
    An asphalt company, leaving a bank of gravel about 4 feet from the gutter, without a light, is liable to one driving over it in the night, and injured thereby, though piles of asphalt, about 20 feet distant from the gravel, but nearer the gutter, have lights thereon.

Appeal from Eighth district court.

Action by John F. Reilly against the Sicilian Asphalt Paving Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Herbert C. Smyth and G. Thornton Warren, for appellant.
John Mulholland, for respondent.

BISCHOFF, J.   The plaintiff sued for and recovered damages for injuries to his carriage, occasioned by his driving upon and against a pile of wet sand and gravel, placed by the defendant company in the western driveway of Central Park, and maintained, during darkness, without any signal of danger, in that highway.   No questions other than those touching the negligence of the defendant and the contributory negligence of the plaintiff are brought before us by the appellant.

The facts upon which the judgment is based are that the plaintiff was driving his vehicle, between 8:30 and 9 o'clock in the evening of July 1, 1895, it being, at the time, quite dark; that the defendant was engaged, during the daytime, in repairing the sidewalks of the park, and had left piles of asphalt in the gutters of the roadway, at the locality of the accident, with a light upon each pile.   The bank of sand and gravel, which caused the damage, had been deposited by the defendant midway between two piles of asphalt, each being 20 feet, respectively, from such bank; but the latter was about 4 feet from the gutter, and thus nearer the middle of the road than were the asphalt piles.   This sand and gravel mound was, in appearance, like the bed of the road, and the plaintiff, proceeding in a line parallel with the lighted piles, drove upon it, without having any warning of his danger.

We fail to find any reason for this appeal upon the facts, since the justice below could most properly find, from the evidence, that the defendant was negligent in its manner of maintaining the locality, thus rendered dangerous by the work in progress, and that the plaintiff used due care under the circumstances.   There is no reason why the plaintiff's testimony in this case should not have been believed by the justice, and that testimony quite fairly shows an absence of any contributory negligence.

Judgment affirmed, with costs.